UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER SPIESS,

                                    Plaintiff,

v.

XEROX   CORPORATION,

                            Defendant.

**COMPLAINT**

Civ. No.  -cv-

**JURY DEMAND**

**PRELIMINARY INTRODUCTION**

1.          This action is brought by  Plaintiff Christopher Spiessi, a member of  a protected

class pursuant to 29 U.S.C. Section 621 *et seq.* the Age Discrimination in

Employment Act (hereinafter "ADEA") as amended (covers ages 40 years of age

or older in employment) alleging that defendant's employment practices have had

a disparate impact on defendant's older workers, including Plaintiff.   This action

is also brought under Title VII of the Civil Rights Act of 1964 alleging that

defendants practices have a disparate impact on the Plaintiffs herein based on sex,

i.e. that female employees similarly situated to Plaintiff are more favorably

treated.

**JURISDICTION AND VENUE**

2.          Jurisdiction of this Court is specifically invoked pursuant to the

aforementioned statutes, as well as 28 U.S.C. §§1331, 1334,1343 (4) and 29

U.S.C. § 621, *et seq.*

3.          Venue properly lies in the Western District of New York pursuant to 28 U.S.C. §

1391(b) and 29 U.S.C. § 1132 (e) (2), because the claim arose in this judicial

district, the defendant is doing business through a division in this District, and

plaintiff is a resident of this district. alleging that they were subject to age

discrimination.

### PARTIES

4.          Plaintiff is a resident of Monroe County, New York, and a male over the age of

40, date of birth December 31, 1964.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.          On or about February 6, 2008, Plaintiff filed Charges of Discrimination against

defendant with the Buffalo District Office of the Equal Employment Opportunity

Commission ("EEOC), charging it with unlawful age and sex discrimination in

connection with his dismissal from employment.

6.          By notice dated February 15, 2008, Plaintiffs was duly notified by the EEOC of

his right to file a civil action against defendant.

7.          This lawsuit has been timely filed within 90 days of Plaintiffs' receipt of his

Notice of Right to Sue.

## FACTUAL BACKGROUND

8.       The Plaintiff, a male over the age of 40,  was employed by the defendant since the

year 2000.

9.       The Plaintiff enjoyed long term employment with the defendant and stellar work

records with regular promotions and concomitant increases in pay until the date of

his termination on April 25, 2007.

10.      Defendant's purported legitimate, non-discriminatory reason for Plaintiffs'

termination was  the  alleged violation of the  defendant's "Code of Conduct" in

the alleged  misuse of defendants IT system, as  determined during an

investigation which defendant purportedly took to "create room on its servers."

12.      Defendant's  well articulated policies  regarding the use of its IT systems,

including  e-mail, was  in effect as early  as 2003.

13.      Defendant's "***Computers and other Information Systems***" policy states the

following:

> To help our employees work efficiently, Xerox provides electronic information
> systems.  Based on their responsibilities, employees may have access to e-mail,
> Computers, personal digital assistants (PDA), printers, fax machines, telephones, voice
> mail, wireless devices and software.
> Xerox expects that employees will use these tools for business.  Company policy
> allows for limited casual personal use of these tools, just as one might  make
> occasional personal phone calls.
> Employees who misuse information systems may lose privileges and, depending
> on the situation, also may be subject to disciplinary action, including termination.
> Company policy prohibits the following activity:

-Any illegal activity, such as child pornography, pyramid schemes or software piracy;

-Commercial or political uses, such as running a personal business or promoting a political candidate;

-Chain e-mail or virus hoaxes;

-harassing or threatening communications;

-Intentional concealment of your identity;

-Any form of pornography

- Excessive personal use

14.        Defendant's "Privacy Rights" policy states the following:

> Privacy protection does not apply to personal information you may
> have stored on the Company's equipment or in your files.  Any electronic information
> stored on the Company's computers, servers and voicemail
> Belongs to Xerox, and the Company can access this information at any time
> without employee consent.  The Company has the same access rights to hard-
> Copy files in Xerox offices, including those in desk drawers, lockers, and other
> storage areas.  Release of any information is subject to Xerox policy.
>
> The Company also has the right to monitor employees' use of Xerox equipment and
> systems–telephones, e-mail, Internet, computers, fax machines, etc.  This applies to all
> Xerox-owned equipment in the workplace and other locations.

15.        The aforementioned policies, while neutral on their face, were utilized by the

defendant in a fashion that  discriminated against the Plaintiff as  members of a

protected class because of his age and / or sex.

16.        Specifically, men under the age of 40 were not terminated for like conduct, nor

were women, both over and under the age of 40.

17.        The Plaintiff never had any prior notice, warning or admonition from any

responsible management representative that they were in violation of defendant's

policies.

18.     Defendant's purported legitimate, non-discriminatory reason for terminating Plaintiff did not actually motivate the employment action taken against the Plaintiff.

19.     Further, it does not appear that defendant utilized any objective reasons other than age or sex in making its determination to terminate the Plaintiff; there appeared to be no rhyme or reason as to why this individual, of all the similarly-situated employees engaged in similar conduct, including management, was selected for termination on the eve of a voluntary reduction in force.

20.     Historically, during the entire course of Plaintiff's tenure with Xerox, Plaintiff, his supervisors and managers, all used the defendant's e-mail to communicate personally with each other without incident.

21.     Inexplicably, in April of 2007 Plaintiff was called into Human Resources and told that he violated the defendant's e-mail policy in that they had received or sent e-mail on the Xerox Informational Systems and that this was not an "appropriate use" of e-mail, despite the fact that this was the first time any of the Plaintiffs had been advised of their potential violation of the defendant's "Code of Conduct."

22.     Indeed, similarly-situated employees outside of the aforementioned protected classes were treated more favorably or more leniently than the Plaintiff for having committed substantially similar or worse offenses.

23.     For instance, none of Plaintiff's supervisors or managers engaged in the very
        same conduct were called into Human Resources, nor suspended, nor terminated.

24.     Similarly-situated males and females under the age of 40 had used the e-mail in
        precisely the same fashion, they were not disciplined, suspended nor terminated.

25.     Similarly-situated females both under and over the age of 40 had used the e-mail
        in precisely the same fashion, they were not disciplined, suspended nor
        terminated.

26.     Union members, both female and male, over and under the age of 40 had used the
        defendant's e-mail in precisely the same fashion or worse, they were either
        disciplined, warned, and brought back from suspension whereas Plaintiff was
        terminated.

27.     Defendant has interpreted and administered their policies in a manner that has
        harmed those employees who were either male and/or over the age of 40,
        including the above named Plaintiff, who were, for all relevant times herein,
        performing satisfactorily prior to their termination and in some cases, recently
        promoted.

28.     Although the defendant's policies do not mention age or sex, and is otherwise
        neutral on its face, it was utilized as a vehicle by which defendant caused it's
        older male employees to quit or be discharged from employment.

29.     The policies are administered by defendant in such a manner that it rarely, if ever, causes the termination of younger employees under the age of 40 over the course of the past five (5) years.

30.     The policies are administered by defendant in such a manner that it rarely, if ever, causes the termination of female employees either under or over the age of 40 over the course of the past five (5) years.

31.     The defendant's policies in regard to e-mail use had a disparate impact on defendant's Supplies Division employees over the age of 40 and its male employees, in violation of the ADEA and Title VII, respectively.

**FIRST CAUSE OF ACTION**
**Disparate Impact in Violation of the ADEA on Behalf of All Named Plaintiffs Over the Age of 40**

32.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

33.     The employment policies of defendant in enforcing its policies in a disparate fashion, as described above, harm older employees of the defendant and favor younger employees. The policies so described are not based upon a reasonable factor other than age.

34.     Defendant has purposefully engaged in age discriminatory practices with the full

        knowledge that in so doing it was discriminating against its older employees,

        without regard for the rights of those employees under the ADEA.


35.     Defendant terminated Plaintiffs' employment on account of their age, and thereby

        violate their right to equal employment opportunities as protected by the ADEA


### SECOND CAUSE OF ACTION

#### Age Discrimination in Violation of the ADEA


36.     Plaintiff repeats and re-alleges by reference each and every allegation contained in

        the above stated paragraphs, and incorporates the same herein as though fully set

        forth.


37.     Plaintiff was a long term employees of the defendant.


38.     The Plaintiff performed his duties successfully as employees of the defendant.


39.     On or about April 19, 2007, Plaintiff was advised that he would be terminated for

        violating defendants' Code of Conduct.


40.     Plaintiffs was over the age of 40 at the time of their termination.

41.       The termination  of the Plaintiff by the defendant was because of Plaintiffs' age,
which termination  constitutes a violation of 29 U.S.C. § 623(a)(1), and therefore
entitles Plaintiff to  relief under the provisions of 29 U.S.C. § 626.

42.       The termination  of  Plaintiff's  employment  constitutes a willful violation by the
defendant of 29 U.S.C. § 623,  and as such, entitles the Plaintiff to recover double
damages.

43.       At  the time of his discharge, the Plaintiff earned a yearly salary  and received
benefits from the defendant for which Plaintiffs seek reimbursement.

### THIRD CAUSE OF ACTION

**Age Discrimination In Violation of the NYSHRL, Executive Law §290**

44.       Plaintiff  repeats and re-alleges by reference each and every allegation contained
in the above stated paragraphs, and incorporates the same herein as though fully
set forth.

45.       Plaintiff  was a long terms employees of  the defendant.

46.       The Plaintiff  performed  his duties  successfully as an employee of  the defendant.

47.     On or about April 19, 2007, Plaintiff was advised that he would be terminated effective April 25, 2007.

48.     Plaintiff was all over the age of 40.

49.     The termination of the Plaintiff by the defendant was because of Plaintiffs' age, which termination constitutes a violation of the NYSHRL, Executive Law Section 290 et seq, and therefore entitles Plaintiffs to relief.

### FOURTH  CAUSE OF ACTION
#### Violation of Title VII

50.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

51.     The employment practices of defendant in enforcing its policies in a disparate fashion, as described above, harm male employees of the defendant and favor female employees.  The practices so described are not based upon a reasonable factor other than sex.

52.     Defendant has purposefully engaged in  discriminatory practices with the full knowledge that in so doing it was discriminating against its male employees, without regard for the rights of those employees under Title VII.

53.        Defendant terminated Plaintiff employment on account of their sex, and thereby

violated their right to equal employment opportunities as protected by Title VII.


54.        As a direct and proximate result of the defendant's willful, knowing and intentional

discrimination against them, Plaintiff, and each of them have suffered and will

continue to suffer mental and emotional anguish, and emotional distress.

Plaintiff, and each of them, have incurred, and will continue to incur incidental

expenses, and have suffered and will continue to suffer a loss of earnings and other

employment benefits and job opportunities.   Plaintiff is thereby entitled to general

and compensatory damages in amounts to be proven at trial.


55.        As a further and proximate result of defendant's violations of Title VII of the Civil

Rights Act of 1964, as amended, Plaintiff has been compelled to retain the services

of counsel in an effort to enforce the terms and conditions of the employment

relationship with defendants and each of them, and has thereby incurred and will

continue to incur, legal fees and costs, the full nature and extent of which are

presently unknown to the Plaintiff.   Plaintiff further requests that attorney fees be

awarded.

**WHEREFORE,**  Plaintiffs respectfully request the Court to enter judgment in their

favor.


DATED:        May 13,  2008
              Rochester, New York




                                    /s/Christina A. Agola , Esq.
                                    Christina A. Agola, Esq.
                                    Christina A. Agola,
                                    Attorneys & Counselors At Law, PLLC
                                    Attorney for Plaintiff
                                    28 East Main Street
                                    730 First Federal Plaza
                                    Rochester, New York 14614
                                    585.262.3320
                                    caaesq@rochester.rr.com